U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 5 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DEMETRIUS LEE BANKS | CIVIL ACTION NO. 05-1422-A |
| VS. | SECTION P |
| UNITED STATES OF AMERICA | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2241) filed by petitioner Demetrius Lee Banks on or about April 7, 2005.[1] Banks is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the United States Penitentiary, Pollock, Louisiana where he is serving sentences totaling 45 years imposed on August 6, 1999 following his May 19, 1999 conviction on guilty pleas to various drug offenses in the United States District Court for the Northern District of Florida. [See United States of America v. Banks, No. 1:05-cr-00006, at Docs. 23 and 33]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

---

[1] Petitioner filed his original petition in the United States District Court for the Northern District of Florida on April 7, 2005; on April 12, 2005 a Report recommending transfer to this court was signed. On August 1, 2005 the petition was transferred to this court. [See Docs. 1, 2, and 4.]

## STATEMENT OF THE CASE

The petition, its accompanying memorandum, the published jurisprudence, and documents on file in the United States District Court for the Northern District of Floria establish the following relevant facts:

1. On May 19, 1999 petitioner pled guilty to various drug offenses in the United States District Court for the Northern District of Florida. On August 6, 1999 sentences totaling 45 years were imposed. [See United States of America v. Banks, No. 1:05-cr-00006, at Docs. 23 and 33]

2. Petitioner appealed his sentences. On February 15, 2000, the United States Eleventh Circuit Court of Appeals affirmed his sentences in an unpublished opinion. See USA v. Banks, 210 F.3d 394 (Table) (11th Cir. 2000). On June 2, 2003, the United States Supreme Court denied his writ application and on September 5, 2003 denied his request for rehearing. See Banks v. USA, 539 U.S. 909, 123 S.Ct. 2263, 156 L.Ed.2d 123, rehearing denied, 539 U.S. 985, 124 S.Ct. 43 (2003).

3. On or about March 14, 2001 petitioner filed a motion to vacate under 28 U.S.C. §2255 in the United States District Court for the Northern District of Florida. Petitioner argued ineffective assistance of counsel (the guilty plea to Counts 6 and 8 were ill-advised since there was not factual basis to sustain these pleas, and counsel failed to argue diminished

2

mental capacity as mitigation during sentencing), and involuntary guilty plea due to petitioner's mental condition. [Doc. 1-1, p. 3] On or about October 8, 2002 his Motion was denied. See Banks v. USA, 1:01-cv-00025 (USDC - ND Fla) Petitioner's application for a Certificate of Appealability was denied on November 13, 2003.

4. On or about April 5, 2005 petitioner filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 in the United States District Court for the Northern District of Florida. The petition was transferred here on August 1, 2005. Petitioner argues the following claim: "District Court erred in preponderance of the evidence finding to sentence in excess of authorized maximum penalty from the jury verdict standing alone which is a violation of the Sixth Amendment jury trial right." [Doc. 1-1, p. 9] He also "...requests a downward departure under Amendment 583 for Diminished Capacity." [Doc. 1-1, p. 19]

## LAW AND ANALYSIS

1. Claim One

Petitioner challenges his sentence on the basis of the Supreme Court's decisions in Blakely v. Washington, --- U.S. ----, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, --- U.S. ----, ----, 125 S.Ct. 738, 756, --- L.Ed.2d ----, ---- (2004) (which re-affirmed the holding in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435

3

(2000), that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"). More specifically petitioner claims that these cases "...do[] not permit a criminal defendant to be exposed to a penalty exceeding the maximum he would receive if punished according to the facts reflected by the jury verdict standing alone..." [Doc. 1-1, p. 9]

The initial inquiry is whether or not petitioner's claim is properly raised in a § 2241 habeas petition. Section 2241 is generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990). Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. A prisoner seeking such relief

4

under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir.2000).

Petitioner has not shown that § 2255's remedy is inadequate or ineffective. He argues entitlement to § 2241 relief under the § 2255 savings clause because the grounds for his Blakely/Booker sentencing claim arose after his judgment of conviction and sentence became final.

While it is true that the Supreme Court's decisions in Blakely and Booker had not yet been decided at the time of petitioner's trial, appeal, and/or prior § 2255 motion, his sentencing claim does not implicate his conviction for a substantive offense; and, the Supreme Court has not expressly

5

declared <u>Blakely</u> and <u>Booker</u> to be retroactive to cases on <u>collateral</u> review. See <u>Booker</u>, --- U.S. at ----, 125 S.Ct. at 769 (Op. by Breyer, J.) (expressly extending holding "to all cases on <u>direct</u> review"); <u>Schriro v. Summerlin</u>, --- U.S. ----, ----, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding <u>Ring v. Arizona</u>, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of <u>Apprendi</u> to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review); <u>In re Anderson</u>, 396 F.3d 1336, 1338-40 (11th Cir.2005); <u>Green v. United States</u>, 397 F.3d 101, 102-03 (2d Cir.2005); <u>McReynolds v. United States</u>, 397 F.3d 479, 480-81 (7th Cir.2005).

The fact that petitioner may be precluded from raising his claim in a second or successive § 2255 motion, does not make that remedy "inadequate or ineffective." See <u>Jeffers</u>, 253 F.3d at 830. Under these circumstances, petitioner cannot challenge the legality of his sentence under § 2241.

Finally, petitioner has no right to relief under <u>Blakely/Booker</u>; he entered a guilty plea. He does not explain how the sentence imposed in his case violated his Constitutional right to Trial by Jury.

2. Claim Two

Petitioner's "request for downward departure" fares no better. Clearly petitioner cannot now suggest that the §2255

6

remedy is inadequate. As stated previously, the fact that his prior § 2255 motion was unsuccessful, or that he may now be unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir.2000).

### 3. Conclusion

Petitioner has not shown that § 2255's remedy is inadequate or ineffective. Since he has not made the showing required to invoke the savings clause of § 2255 as to either of the claims presented in this *habeas corpus* proceeding, dismissal of this petition is recommended.

Accordingly, and for the foregoing reasons,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* (28 U.S.C. §2241) be **DENIED** and **DISMISSED** with prejudice for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date**

7

of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 5th day of December, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE